**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

v. 6:24-cr-6032 (BKS)

AKRAM MARSEET,

                Defendant.

**Appearances:**

*For the United States of America:*
Joel L. Violanti
Acting United States Attorney
Everardo A. Rodriguez
Assistant United States Attorney
100 State Street, Suite 500
Rochester, New York 14614

*Defendant pro se:*
Akram Marseet
603979
Monroe County Jail
130 South Plymouth Avenue
Rochester, NY 14614

*Standby Counsel for Defendant Akram Marseet:*
David C. Pilato
Pilato Law, PLCC
30 West Broad Street, Suite 100
Rochester, NY 14614

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.     INTRODUCTION**

Defendant Akram Marseet is charged with threatening two United States judges in violation of 18 U.S.C. § 115(a)(1)(B) and 18 U.S.C. § 115(b)(4) as well as transmitting an interstate threatening communication in violation of 18 U.S.C. § 875(c). (Dkt. No. 22). The

affidavit in support of the complaint details a threatening statement Defendant is alleged to have made on a phone call with an Intake Clerk for the Western District of New York. (Dkt. No. 1, ¶¶ 4–9).

The Government moved for detention at Defendant's initial appearance in Denver, Colorado on January 16, 2024, and Magistrate Judge Scott T. Varholak held a detention hearing on January 19, 2024. (Case No. 1:24-mj-9, Dkt. Nos. 3, 8). At the conclusion of the hearing, Magistrate Judge Varholak granted the Government's motion and ordered that Defendant be detained. (Dkt. No. 56-3, at 55–57). On November 25, 2024, Defendant moved for conditional pretrial release. (Dkt. No. 52). The Court construed this as a motion to review the detention order pursuant to 18 U.S.C. § 3145(b). On January 14, 2025, the Court denied Defendant's motion for conditional pretrial release. (Dkt. No. 67).

Presently before the Court are Defendant's motion for an extension of time to file objections to the Court's decision, (Dkt. No. 84), Defendant's memorandum outlining his objections, (Dkt. No. 90), Defendant's motion to seal exhibits supporting his memorandum, (Dkt. No. 91), Defendant's motion for an in-person evidentiary hearing regarding his objections, (Dkt. No. 94), and Defendant's motion for an extension of time to file a notice of appeal from the Court's decision, (Dkt. No. 96, at 3). The Court construes Defendant's "objections" as a motion for reconsideration of the Court's bail decision. For the reasons stated below, the Court partially grants Defendant's motion to seal, denies Defendant's motion for reconsideration, and denies Defendant's motion for an extension of time to file a notice of appeal.

## II.   STANDARD OF REVIEW

The Bail Reform Act of 1984 authorizes and sets forth the procedures for pretrial detention of a criminal defendant. *See generally* 18 U.S.C. §§ 3141 *et seq.* 18 U.S.C. § 3145, which governs the review and appeal of a release or detention order, does not provide for

objections to such decisions. Neither the Federal Rules of Criminal Procedure nor the Western District of New York Local Rules provide for reconsideration, but such motions "have traditionally been allowed within the Second Circuit." *See United States v. Yannotti*, 457 F. Supp. 2d 385, 388 (S.D.N.Y. 2006). The decision to grant or deny a motion for reconsideration is within the district court's discretion. *United States v. LeSane*, No. 22-cr-110, 2023 WL 315268, at *2, 2023 U.S. Dist. LEXIS 9685, at *6 (S.D.N.Y. Jan. 19, 2023)

Under § 3145(c), a defendant can appeal a detention order to the Second Circuit. *See United States v. Dai*, 99 F.4th 136, 138 (2d Cir. 2024). However, a defendant's notice of appeal must be filed in the district court within fourteen days of the entry of either the judgment or the order being appealed. Fed. R. App. P. 4(b)(1)(A)(i); *see United States v. Bao Deng Chen*, 257 F. Supp. 2d 656, 665 n.31 (S.D.N.Y. 2003) (noting that any appeal of the decision denying bail must be filed within the deadline under the rule). "Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4).

### III. DISCUSSION

#### A. Reconsideration

In a letter dated January 28, 2025, Defendant moved for a ten-day extension of time to file objections to the decision denying bail. (Dkt. No. 84). The Court did not rule on this request. In documents dated February 7, 2025, Defendant filed his objections to the decision denying bail and requested an evidentiary hearing regarding his objections. (Dkt. Nos. 90, 94). The Court retroactively grants Defendant's motion for an extension, (Dkt. No. 84), and construes his February 7, 2025 submissions as a timely motion for reconsideration.

"The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted). The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked[.]" *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.; See, e.g., United States v. Bush,* No. 18-cr-907, 2021 WL 371782, 2021 U.S. Dist. LEXIS 20603 (S.D.N.Y. Feb. 3, 2021) (denying motion for reconsideration of decision denying bail).

In the specific context of a detention order, a court may "reopen the detention hearing 'at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing'" so long as the new information "'has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.'" *United States v. Ali*, No. 12-cr-45, 2012 WL 2921642, at *3, 2012 U.S. Dist. LEXIS 99202, at *9–10 (W.D.N.Y. July 17, 2012) (quoting 18 U.S.C. § 3142(f)(2)). This information must consist "of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event." *United States v. Malizio*, No. 12-cr-125, 2013 WL 5653446, at *4, 2013 U.S. Dist. LEXIS 148324, at *11 (W.D.N.Y. Oct. 15, 2013) (citation omitted). The Court construes Defendant's submissions liberally and interprets them to raise the strongest arguments they suggest. *LeSane*, 2023 WL 315268, at *3, 2023 U.S. Dist. LEXIS 9685, at *6.

Even construing Defendant's briefing liberally, Defendant has failed to provide a basis for reconsideration or reopening the detention hearing. Defendant raises the same arguments made in his briefing supporting his initial motion for conditional pretrial release, including that the venue is conspiring against him, that the Government is withholding evidence, and that the Government's evidence is not credible. (*See* Dkt. Nos. 52, 65, 90). With the instant motion, Defendant offers medical records and emails with his professors as "new evidence." (*See* Dkt. No. 90, at 4–9).[1] However, these documents do "not offset all of the other information available in this case." *See Ali*, 2012 WL 2921642, at *4, 2012 U.S. Dist. LEXIS 99202, at *12. In short, there is nothing in Defendant's ninety-nine pages of objections that "might reasonably be expected to alter the conclusion reached by the court," such as "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *See Shrader*, 70 F.3d at 257; *Bush*, 2021 WL 371782, at *1, 2021 U.S. Dist. LEXIS 20603, at *2 (citations omitted). Having considered Defendant's submissions, the Court has not found any basis to reconsider its determination that the Government has shown by clear and convincing evidence that Defendant poses a danger to the safety of any other person and the community, and that there are no set of conditions sufficient to reasonably mitigate these risks.

---

[1] Defendant submitted five exhibits in support of his objections, and requested that each be sealed. (Dkt. No. 91). The first and fourth exhibits are medical records, and the Court therefore directs that they are docketed under seal because Defendant's privacy interest in his mental health and medical records outweighs the public interest in disclosure, under both the First Amendment and the common-law right of access, and the sealing is narrowly tailored to serve those interests. See *Lugosch v. Pyramid Co. of Onondaga Cty.*, 435 F.3d 110, 124 (2d Cir. 2006). The second and third exhibits are emails between Defendant and his professors at the Colorado School of Mines. Defendant has not stated an interest that would support sealing exhibits two and three, especially in light of the fact that Defendant quotes the emails in his briefing. (*See* Dkt. No. 90, at 7–9). The fifth exhibit is an excerpt from a filing Defendant submitted in his civil case. A protective order is in place with respect to the filing, and under that protective order, the exhibit must be filed under seal. (Case No. 6:20-cv-7096, Dkt. No. 244, ¶ 6). Accordingly, Defendant's motion to seal is granted in part and denied in part. The Clerk is respectfully directed to docket the exhibits, with the first, fourth, and fifth exhibits being docketed under seal.

Accordingly, the Court denies Defendant's motions, (Dkt. Nos. 90, 94), pertaining to his request for reconsideration.

### B.  Extension of Due Date for Notice of Appeal

Defendant filed a motion for an extension of time to file a notice of appeal. (Dkt. No. 96, at 3). Specifically, Defendant requested that the Government produce specific discovery, and that after the production of such discovery, he be granted one week to file his notice of appeal. (*Id.* at 3–4). Under Fed. R. App. P. 4(b)(1)(A)(i), a Defendant's notice of appeal is due "within 14 days after the later of: the entry of either the judgment or the order being appealed." However, "[t]he [Fed. R. App. P.] 4(b) clock stops when a party files a motion for reconsideration; that is, a timely motion for reconsideration renders the judgment non-final for appeal purposes, and thus tolls the time for appeal under [Fed. R. App. P.] 4(b)." *United States v. Rodriguez*, 892 F.2d 233, 235 (2d Cir. 1989) (citing *United States v. Dieter*, 429 U.S. 6, 8 (1976) (per curiam)). "Once the district court denies the motion, the clock is reset to zero, and the full time for appeal 'begins to run anew from the date of the entry of the order disposing of the motion.'" *Id.* (citation omitted). Accordingly, it appears that Defendant has fourteen days from the date of this decision to file a notice of appeal.

Beyond that, pursuant to Fed. R. App. 4(b)(4), the Court can only extend the due date for filing such notice "[u]pon a finding of excusable neglect or good cause" by thirty days from the expiration of the time otherwise prescribed by the rule. The good cause standard "applies in situations in which there is no fault—excusable or otherwise." *United States v. Darling*, 706 F. App'x 34, 35 (2d Cir. 2017). Here, the Government has documented discovery that it has produced, (Dkt. Nos. 45, 68), and the Court has addressed Defendant's complaints regarding discovery at conferences on October 18, 2024, November 5, 2024, and January 13, 2025. The Government has repeatedly told Defendant that there is no tape recording of the alleged threat.

Based on the Court's familiarity with this record, and having reviewed the discovery that Defendant now seeks as a basis for extending the time to appeal, the Court does not find good cause to extend the due date.

The excusable neglect standard, which applies in situations in which there is fault, is an equitable decision and requires district courts to consider: "(1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact upon judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith." *Darling*, 706 F. App'x at 35–36 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Lts. P'ship*, 507 U.S. 380, 395 (1993)). Courts typically focus on the third factor. *Id.* at 36. A party claiming excusable neglect will ordinarily lose, especially if that party failed to follow the clear dictates of a court rule. *Id.* Here, Defendant has failed to make any showing of excusable neglect warranting an extension of the time to appeal. And, to the extent Defendant's request rests on complaints regarding discovery, the Court notes that Defendant has failed to comply with the Criminal Pretrial Order, which provides that the Court "shall not hear a motion to compel discovery unless the attorney for the moving party files with the Court, simultaneously with the filing of the moving papers, a notice stating that the moving party has conferred and discussed in detail with the opposing party the issues between them in a good faith effort to eliminate or reduce the area of controversy and to arrive at a mutually satisfactory resolution." (Dkt. No. 11, at 4). Accordingly, the Court declines to extend the due date for filing a notice of appeal beyond the fourteen-day period from the date of this decision.

### IV.     CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant's motion for an extension of time to file objections to the Court's decision denying bail (Dkt. No. 84) is retroactively **GRANTED**; and it is further

**ORDERED** that Defendant's motions for reconsideration (Dkt. Nos. 90, 94) are **DENIED**; and it is further

**ORDERED** that Defendant's motion to seal (Dkt. No. 91) is **GRANTED in part** such that the first, fourth, and fifth exhibits should be docketed under seal and otherwise **DENIED**; and it is further

**ORDERED** that Defendant's motion for an extension of time to file a notice of appeal (Dkt. No. 96) is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 25, 2025
Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge