UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                                              6:24-cr-6032 (BKS)

AKRAM MARSEET,

                              Defendant.

**Appearances:**

*For the United States of America:*
Michael DiGiacomo
United States Attorney
Everardo A. Rodriguez
Assistant United States Attorney
100 State Street, Suite 500
Rochester, New York 14614

*Defendant pro se:*
Akram Marseet
603979
Monroe County Jail
130 South Plymouth Avenue
Rochester, NY 14614

*Standby Counsel for Defendant Akram Marseet:*
David C. Pilato
Pilato Law, PLCC
30 West Broad Street, Suite 100
Rochester, NY 14614

**Hon. Brenda K. Sannes, Chief United States District Judge:**

MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Defendant Akram Marseet is charged with threatening two United States judges in violation of 18 U.S.C. § 115(a)(1)(B) and 18 U.S.C. § 115(b)(4) as well as transmitting an

interstate threatening communication in violation of 18 U.S.C. § 875(c). (Dkt. No. 22). Defendant has been in custody throughout the pendency of this action.

Throughout criminal proceedings, courts "must remain alert to issues of competence," an obligation that "takes on increased significance where, as here, a criminal defendant elects to proceed pro se." [1] *United States v. Dimartino*, 949 F.3d 67, 71–72 (2d Cir. 2020) (quoting *United States v. Arenburg*, 605 F. 3d 164, 169 (2d Cir. 2010)). Accordingly, the Court "shall order . . . a hearing [to determine the mental competence of the defendant] on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). "Whether 'reasonable cause' to hold a hearing exists is a highly particularized assessment that 'varies in each case.'" *Dimartino*, 949 F.3d at 71 (quoting *United States v. Zhou*, 428 F.3d 361, 379 (2d Cir. 2005)). A court is "constitutionally required" to inquire as to competency where there is "*any* reasonable ground to doubt a defendant's competency." *Musaid v. Kirkpatrick*, 114 F.4th 90, 111 (2d Cir. 2024) (emphasis in original).

Here, the Court finds reasonable grounds to doubt Defendant's competency. Defendant has submitted relevant mental health records, (Dkt. No. 91-1, at 2–3), and although a "history of mental impairment alone does not require the trial court *sua sponte* to order a competency hearing," prior psychiatric history may make it appropriate for a court to do so. *Shaut v. Bennet*,

---

[1] A defendant may be found competent to stand trial, but not competent to proceed pro se. *United States v. Nyenekor*, 784 F. App'x 810, 814 (2d Cir. 2019). The Second Circuit reviews such decisions for clear error, and has found that it is not clear error to insist on counsel where the defendant's mental illness "made him fixate on certain legal issues and made him unable to focus on actually preparing a defense or realistically to understand events, and that his mental condition would cause him to disrupt proceedings if he were permitted to represent himself." *Id.* at 814–15.

289 F. Supp. 2d 354, 361 (W.D.N.Y. 2003). The Court's decision to order a competency evaluation is further supported by the fact that Defendant has repeatedly made comments about potentially wanting a mental health evaluation, (*see* Dkt. No. 65, at 58, 132, 137, 140; Dkt. No. 92, at 5).[2]

Furthermore, reasonable grounds exist where "a defendant consistently exhibits behavior and beliefs" that are "bizarre." *United States v. Auen*, 846 F.2d 872, 878 (2d Cir. 1988). In *Auen*, the Second Circuit held that the district court abused its discretion in failing to consider competency where the defendant relayed a story that could "only be characterized as the product of a disturbed mind," threatened government attorneys, set forth irrational and paranoid beliefs concerning the nature of this country's tax laws and the basis for the prosecution against him, rambled about his fear of persecution, and argued that the government, the court and lawyers in general were somehow responsible for his unjustified incarceration. *Id.* Here, Defendant has similarly and repeatedly espoused irrational and paranoid beliefs, including that Rochester Institute of Technology ("RIT") attempted to "kill/assassinate/cause [his] death" and is a "Terrorist Organization." (Dkt. No. 52, at 6, 13–14, 37; Dkt. No. 65, at 46; Dkt. No. 65, at 92–94). Defendant also believes that he "is experiencing conspiracies by this venue," (Dkt. No. 52, at 12, 49), and that he needs protection "from any possible murdering and/or any possible torture," (*id.* at 23), because he has "high confidence that the Government will assassinate [him] to prevent him from exposing the Judicial misconduct of this venue and as a retaliation against [him]." (Dkt. No. 90, at 4). He worries that this venue and/or the Government "want [him] to be tortured or killed." (Dkt. No. 52, at 23). He refers to himself as a "hostage" with "exposure to

---

[2] Although Defendant has also suggested that he may raise an insanity defense under 18 U.S.C. § 17, (Dkt. No. 52, at 45; Dkt. No. 58, at 101; Dkt. No. 65, at 83, 147–48; Dkt. No. 70, at 2), when the Court directly asked Defendant at an ex parte hearing on February 7, 2025 if he sought an expert for that purpose, he withdrew his request.

torture" who was "kidnapped" by the venue. (Dkt. No. 54, at 14; Dkt. No. 58, at 2; Dkt. No. 65, at 3, 135).

Additionally, reasonable cause to consider competence exists where the defendant does not understand the nature and object of the proceedings. In one case, the Second Circuit found reasonable cause where, *inter alia*, the defendant "stated that the jurors might be 'blamed' for 'the drug trade' if they did not 'find the government and these people guilty of this crime'" because, "[s]imply put, the government was not on trial, and defendant's argument suggest[ed] that he labored under a fundamental misunderstanding of the 'nature and object of the proceedings.'" *Arenburg*, 605 F.3d at 171. Here, Defendant is extremely fixated on the merits of his civil case against RIT and the perceived judicial and prosecutorial misconduct against him, despite the Court's efforts to refocus him on the scope of this criminal case. (*See* Dkt. No. 52, at 4–10; Dkt. No. 54, at 13; Dkt. No. 58, at 8–27, 113–154; Dkt. No. 65, at 11–14, 28–31, 85, 145–46, 159– 219, 311). Defendant even went as far as to say that the Court "is wrong that the Severe and shameful Judicial misconduct by Judges Payson, Geraci, and Wolford in the civil case and what RIT has committed aganst [sic] the Defendant is irrelevant," because "the evidence . . . is supper [sic] relevant." (Dkt. No. 69, at 10, 12). Defendant's briefing seems to suggest that he views this criminal case as an opportunity to put the prosecution, judges, and RIT on trial, which could indicate that he does not understand the nature and object of the proceedings.

Lastly, "rigid adherence to . . . erroneous views" and an "inability to explore their correctness is one factor indicating that a delusional process is at work." *United States v. Sandoval*, 365 F. Supp. 2d 319, 327 (E.D.N.Y. 2005). Here, Defendant has rigidly adhered to his belief that the phone call wherein he allegedly made the threatening statement at issue in this case was recorded. (Dkt. No. 52, at 14–15, 18, 29, 43; Dkt. No. 54, at 3; Dkt. No. 58, at 31, 84,

4

91, 101; Dkt. No. 65, at 15, 46, 60, 74, 78, 150; Dkt. No. 69, at 10; Dkt. No. 90, at 2, 11, 59; Dkt. No. 95, at 3). Despite the Court and the Government repeatedly telling Defendant that there is no such recording, he seems unable or unwilling to accept that fact.

Accordingly, the Court finds "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Thus, the Court further finds that a mental examination and hearing concerning Defendant's mental condition are warranted. *Id.* at § 4241(b) and (c). Accordingly, it is hereby:

**ORDERED** that Defendant is committed, "to be examined for a reasonable period, but not to exceed thirty days . . . to the custody of the Attorney General for placement in a suitable facility" for a psychiatric or psychological examination to determine his current mental competence, pursuant to 18 U.S.C. §§ 4241 and 4247; and it is further

**ORDERED** that the examining psychiatrist or psychologist shall conduct an examination and prepare and file a report in accordance with 18 U.S.C. § 4247(b) and (c) assessing whether Defendant is (1) competent to stand trial and (2) competent to represent himself. Once the examination is complete and the report has been filed, the Court will schedule a hearing pursuant to 18 U.S.C. §§ 4241(c) and 4247(d); and it is further

**ORDERED** that Assistant United States Attorney Everardo A. Rodriguez, or other members of the United States Attorney's Office, shall provide to the facility to which the Defendant is transported for this examination a copy of the Superseding Indictment, mental health records, and other investigative materials or statements concerning the circumstances of

the charges and Defendant's conduct in custody for use by medical personnel in aid of the mental examination; and it is further

**ORDERED** that Standby Counsel David C. Pilato be given the opportunity to provide to the examiner information, documents, medical reports or other materials regarding Defendant in order to assist the examiner in evaluating Defendant.

**IT IS SO ORDERED.**

Dated: April 1, 2025
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge