**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

v.                                                                                          6:24-cr-6032 (BKS)

AKRAM MARSEET,
                                  Defendant.

**Appearances:**

*For the United States of America:*
Michael DiGiacomo
United States Attorney
Everardo A. Rodriguez
Assistant United States Attorney
100 State Street, Suite 500
Rochester, New York 14614

*Defendant pro se:*
Akram Marseet
603979
Monroe County Jail
130 South Plymouth Avenue
Rochester, New York 14614

*Standby Counsel for Defendant Akram Marseet:*
David C. Pilato
Pilato Law, PLCC
30 West Broad Street, Suite 100
Rochester, New York 14614

**Hon. Brenda K. Sannes, Chief United States District Judge:**

MEMORANDUM-DECISION AND ORDER

**I.     INTRODUCTION**

On February 27, 2024, Defendant Akram Marseet was indicted on two counts of threatening a United States judge in violation of 18 U.S.C. § 115(a)(1)(B) and 18 U.S.C. § 115(b)(4). (Dkt. No. 7). On July 30, 2024, in a superseding indictment, Defendant was indicted

on those same two counts as well as a third count of transmitting an interstate threatening communication in violation of 18 U.S.C. § 875(c). (Dkt. No. 22). Defendant moves to dismiss the indictment on various grounds.[1] (Dkt. No. 58). The motion is fully briefed. (Dkt. Nos. 58, 76, 145, 146). Defendant later filed a motion to stay ruling on his motion to dismiss pending the Court's decision on other pending motions. (Dkt. No. 174).  For the following reasons, Defendant's motions are denied.

## II.     INDICTMENT

The superseding indictment alleges two counts of threatening to murder a United States judge on January 10, 2024, in violation of 18 U.S.C. §§ 115(a)(1)(B) and 115(b)(4). (Dkt. No. 22). Count one alleges that Defendant threatened to murder United States Judge Frank P. Geraci and Count two alleges that Defendant threatened to murder United States Judge Marian W. Payson. (Dkt. No. 22). According to the superseding indictment, Defendant did so "with intent to impede, intimidate and interfere with" the judges while they were "engaged in the performance of [their] official duties" and "with intent to retaliate against [the judges] on account of the performance of [their] official duties. (*Id.* at 1–2). The superseding indictment further alleges that on January 10, 2024, Defendant "knowingly, willfully, and unlawfully, and for the purpose of issuing a threat and with knowledge that the communication would be viewed as a threat, transmit a communication in interstate or foreign commerce," in violation of 18 U.S.C. § 875(c). (*Id.* at 2–3). Specifically, the superseding indictment alleges that Defendant placed a telephone

---

[1] Defendant moves to dismiss "the indictments dated 02-27-2024 and 05-30-2024." (Dkt. No. 58, at 1). The Court notes that the February 27, 2024 indictment was superseded by the July 30, 2024 superseding indictment. (Dkt. Nos. 7, 22). The Court assumes that Defendant's references to the "05-30-2024" indictment are to the July 30, 2024 superseding indictment.

Defendant filed a motion to dismiss on October 18, 2024 (Dkt. No. 37), but then filed an amended motion to dismiss on December 11, 2024, (Dkt. No. 58) and requested that the Court consider the amended motion to dismiss as the complete motion to dismiss, (Dkt. No. 58, at 1; Dkt. No. 112, at 3). The Court has done so.

call from Colorado to New York, "which contained threats to kill other persons, specifically Frank P. Geraci, Marian W. Payson and "D.F." an employee of the Clerk's Office for the Western District of New York. (*Id.*).

In order to provide context for some of Defendant's arguments, the Court has taken judicial notice of the fact that Defendant had previously filed a complaint in a civil action in the Western District of New York which was dismissed. Specifically, on December 17, 2020, Defendant filed a lawsuit against Rochester Institute of Technology. *Marseet v. Rochester Institute of Technology*, Case No. 6:20-cv-7096 (Dkt. No. 1) ("*Marseet v. RIT*"). The case was assigned to United States District Court Judge Frank P. Geraci and Magistrate Judge Marian W. Payson. (*Marseet v. RIT*, Text Orders dated December 29, 2020 and March 16, 2021). On January 10, 2024 Judge Geraci dismissed the complaint with prejudice and directed that the case be closed. (*Marseet v. RIT*, Dkt. No. 224). The threats charged in the superseding indictment are alleged to have occurred that same day. (Dkt. No. 22). The Court has considered these facts not for the truth of any matters asserted in the documents but simply to establish the facts of such litigation in order to provide context for Defendant's arguments. *See United States v. Velentzas*, No. 15-cr-213, 2019 WL 3252961, at *1, 2019 U.S. Dist. LEXIS 124092, at *2 (E.D.N.Y. July 16, 2019) (taking judicial notice of other judicial opinions in evaluating criminal defendants' motion to dismiss); *see also United States v. Marsalis*, 314 F. Supp. 3d 462, 464 n.2 (E.D.N.Y. 2018) (taking judicial notice of prior convictions in evaluating a criminal defendant's motion to dismiss (citing cases)).

### III.   STANDARD OF REVIEW

Under Rule 12(b)(1) of the Federal Rules of Criminal Procedure, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on

the merits." Such motions include pretrial motions alleging "a defect in the indictment or information[,] including . . . failure to state an offense." Fed. R. Crim. Pro. 12(b)(3)(B)(v).

Under Rule 12, "[a]n indictment is sufficient as long as it (1) contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and (2) enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Aiyer*, 33 F.4th 97, 116 (2d Cir. 2022) (internal quotation marks omitted) (quoting *United States v. Dawkins*, 999 F.3d 767, 779 (2d Cir. 2021)). In general, "[a] court should not look beyond the face of the indictment and draw inferences as to proof to be adduced at trial, for 'the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment.'" *United States v. Scully*, 108 F. Supp. 3d 59, 117 (E.D.N.Y. 2015) (quoting *United States v. Alfonso*, 143 F.3d 772, 777 (2d Cir. 1998)); *see also Alfonso*, 143 F.3d at 776–77 (explaining that "an inquiry into the sufficiency of the evidence is premature," "[u]nless the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial to satisfy the . . . element[s] of the offense").

## IV.   ANALYSIS

### A.   Charging Statutes

Defendant was indicted under 18 U.S.C. §§ 115(a)(1)(B) and (b)(4) as well as 18 U.S.C. § 875(c). (Dkt. No. 22). Under § 115(a)(1)(B):

> Whoever . . . threatens to assault, kidnap, or murder, a United States official, a United States judge, a Federal law enforcement officer, or an official whose killing would be a crime under such section, with intent to impede, intimidate, or interfere with such official, judge, or law enforcement officer while engaged in the performance of official duties, or with intent to retaliate against such official, judge,

> or law enforcement officer on account of the performance of official duties, shall be punished as provided in subsection (b).[2]

Under § 875(c):

> Whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both.

**B.     Discussion**

Defendant raises the following grounds to dismiss: (1) "the bad causes by this venue for the criminal charge"; (2) an "incredible, unreasonable, and unqualified witness"; (3) "insufficient falsified evidence"; (4) "violation of due process because of prosecution misconduct and defense misconduct"; (5) improper venue; (6) lack of jurisdiction; (7) "probable judicial conflict of interest"; and (8) "Defendant's mental capacity during the false allegation." (Dkt. No. 58, at 4).[3]

The Court construes Defendant's first argument about the "bad causes by this venue for the criminal charge" (Dkt. No. 58, at 4),[4] as a motion to dismiss on the basis of vindictive prosecution. Under Rule 12(b)(3)(A)(iv) of the Federal Rules of Criminal Procedure, a defendant may allege "selective or vindictive prosecution." To state a claim for vindictive prosecution, a defendant must show that "(1) the prosecutor harbored genuine animus toward the defendant, or was prevailed upon to bring the charges by another with animus such that the prosecutor could be considered a 'stalking horse,' and (2) the defendant would not have been prosecuted but for

---

[2] Under § 115(b)(4), "[a] threat made in violation of this section shall be punished by a fine under this title or imprisonment for a term of not more than 10 years, or both, except that imprisonment for a threatened assault shall not exceed 6 years."

[3] Defendant devotes considerable time in his 102-page brief to the details of his civil case and its management in the court. (Dkt. No. 58, at 8–27). The Court has done its best to discern and address the claims that appear to be relevant to Defendant's motion to dismiss this criminal prosecution, and does not address Defendant's complaints about his civil action.

[4] Defendant refers to "[a]busive, offensive, inappropriate, and inflammatory language by this [v]enue," (Dkt. No. 58, at 86), but Defendant has not cited to any "abusive, offensive, inappropriate, and inflammatory" language in this prosecution.

the animus." *United States v. Chalmers*, 474 F. Supp. 2d 555, 568 (S.D.N.Y. 2007) (citing *United States v. Sanders*, 211 F.3d 711, 717 (2d Cir. 2000)).

Here, Defendant argues that he has been falsely charged to, *inter alia*, prevent him from appealing the dismissal order in his civil case, to prevent him from filing judicial misconduct complaints, and to prevent him from exposing the sexual scandals and discriminatory and retaliatory practices at RIT. (Dkt. No. 58, at 4–5). Defendant asserts that the "venue" as a whole has falsely charged him. (*Id.* at 4). However, "only a prosecutor can bring charges," *United States v. Romanello*, No. 22-cr-194, 2023 WL 4405667, at *4, 2023 U.S. Dist. LEXIS 117019, at *9 (E.D.N.Y. July 7, 2023). Defendant has presented no evidence of vindictiveness on behalf of the instant prosecutor, *see id.*, so to the extent that he moves to dismiss the indictment on the basis of vindictive prosecution, the Court denies that motion.

Defendant's next two arguments—that the indictment should be dismissed because the Government relies on an "incredible, unreasonable, and unqualified witness" and has "insufficient falsified evidence"—focus on credibility. (Dkt. No. 58, at 4, 29, 34, 65–68). However, "the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment." *Alfonso*, 143 F.3d at 777; *see also United States v. Mazzariello*, No. 13-cr-211, 2015 WL 9244602, at *4, 2015 U.S. Dist. LEXIS 168874, at *17 (W.D.N.Y Dec. 17, 2015) ("Defendants' arguments in this regard, which relate to the sufficiency of the evidence, the elements of the charges, the credibility of the witnesses, and potential affirmative defenses, are exclusively issues for trial and are not appropriately raised on a motion to dismiss."); *see also United States v. Ramos*, No. 12-cr-556, 2013 WL 1932110, at *3, 2013 U.S. Dist. LEXIS 67030, at *12 (S.D.N.Y. May 8, 2013) ("[T]here is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence."). This is

6

not a motion that the Court can consider as a pretrial motion. *See* Fed. R. Crim. P. 12(b)(1) ("A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."). As the Government has argued, (*see* Dkt. No. 76, at 8–10), Defendant's arguments are for trial.

To the extent Defendant argues that there is insufficient evidence because the alleged threat was not a true threat, (Dkt. No. 58, at 68–73, 78–86), the Court notes that it is well settled that such a determination is factual and best left to a jury, s*ee United States v. Carrier*, 672 F.2d 300, 306 (2d Cir. 1982) (explaining in prosecution under 18 U.S.C. § 871 for threat against President of the United States, "whether words used are a true threat is generally best left to the triers of fact"); *see also United States v. Hunt*, 82 F.4th 129, 136–37 (2d Cir. 2023) (evaluating sufficiency of evidence for conviction under 18 U.S.C. § 115 and explaining that "the true threat determination involves no legal principles warranting independent review of the jury's conclusion," explaining that "[t]his holding aligns with our well-established view that 'whether words used are a true threat' is 'a question of fact' for the jury" (quoting *United States v. Amor*, 24 F.3d 432, 436 (2d Cir. 1994))); (*see also* Dkt. No. 76, at 9–10). Accordingly, Defendants' motion to dismiss on this ground is denied.

As his next ground, Defendant asserts that his due process rights have been violated, including his right to discovery, his right to a speedy trial, and his right to pretrial release. (Dkt. No. 58, at 50). A defendant may make a motion under Federal Rule of Criminal Procedure Rule 12 to allege "a violation of the constitutional right to a speedy trial" and requests for "discovery under Rule 16." Fed. R. Crim. P. 12(b)(3)(A)(iii) and (E). The Court addresses each argument in turn.

The Court has repeatedly addressed Defendant's discovery concerns, (Dkt. No. 58, at 51–61), and has found that the Government has complied with Federal Rule of Criminal Procedure 16. (*See* Nov. 5, 2024 Text Minute Entry; Jan. 13, 2025 Text Minute Entry; Apr. 1, 2025 Text Minute Entry). The Government details its compliance in its response brief. (Dkt. No. 76, at 2–3; Exh. 77). Defendant subsequently filed additional motions for discovery, (Dkt. Nos. 126, 135), to which the Government responded, (Dkt. Nos. 131, 138, 164), and the Court addressed at the hearings on August 11, 2025 and October 31, 2025. (*See* Aug. 11, 2025 Text Minute Entry, Oct. 31, 2025 Text Minute Entry.) Therefore, Defendant's "complaints about discovery fail to justify dismissal of the superseding indictment." *See United States v. Liburd*, No. 17-cr-296, 2021 WL 4521964, at *5, 2021 U.S. Dist. LEXIS 190390, at *13 (E.D.N.Y. Oct. 3, 2021).

Defendant's argument that his right to a speedy trial has been violated, (Dkt. No. 58, at 62–65) is also without merit. Under the Speedy Trial Act, "the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment." 18 U.S.C. § 3161(c)(1). However, the delays resulting from the following are excluded in computing the time within which the trial must commence: (1) "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant"; (2) "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"; and (3) "delay resulting from a continuance . . . on the basis of [the judge's] findings that the ends of justice served by taking such action outweigh[ed] the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(1)(A), (1)(D), and (h)(7)(A). Here, as set forth in the Government's response to Defendant's motion to dismiss, (Dkt. No. 76, at 4–8), time has been excluded as a result of

Defendant's myriad pretrial motions and requests for extensions of time, Defendant's competency examination, and the Court's Orders excluding time under the Speedy Trial Act (Dkt. Nos. 15, 19, 21, 29, 34, 42, 160), such that only approximately twenty days have run from the seventy-day speedy trial clock. Accordingly, Defendant's right to a speedy trial has not been violated.

The Court has already ruled on Defendant's motions for pretrial release and reconsideration, (Dkt. Nos. 67, 99), and reiterates that the Government has shown by clear and convincing evidence that Defendant poses a danger to the safety of any other person and the community, and that there are no set of conditions sufficient to reasonably mitigate these risks. Moreover, Federal Rule of Criminal Procedure 12 does not explicitly authorize a motion on this ground. Accordingly, the Court finds that Defendant's due process rights have not been violated and declines to dismiss the indictment on this basis.

Defendant next moves to dismiss the indictment on the basis of improper venue and lack of jurisdiction. (Dkt. No. 58, at 88–100). The Court has already addressed this argument in ruling on Defendant's motion for pretrial release. (Dkt. No. 67, at 11). Under 18 U.S.C. § 3237(a), "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." Therefore, although Defendant was in Colorado when he allegedly made the threats, the threats were allegedly levied to a person in the Western District of New York. (Dkt. No. 22). Accordingly, this Court is a proper venue and has jurisdiction to prosecute. *See United States v. Hagar*, 822 F. App'x 361, 370-71 (6th Cir. 2020) (holding that venue was proper in the Northern District of Ohio because even though the defendant conducted

9

all of the alleged activity in Oregon, the victim received his threatening message in Ohio); (*see also* Dkt. No. 76, at 11–12 (citing cases)).

Defendant's next ground to dismiss is that "there could be a judicial conflict of interest due to the fact that at least on [sic] of the falsely alleged victims Judge Geraci has handled cases in the Northen [sic] District of New York which is the home courthouse of Hon. Sannes." (Dkt. No. 58, at 100–01).[5] The Government responds that "Defendant has not and cannot show that Judge Sannes has a conflict of interest in presiding over this prosecution." (Dkt. No. 76, at 13). To evaluate whether a judge has a conflict of interest: a judge "shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This standard is not necessarily met just because a judge or someone close to the judge has been threatened. *In re Basciano*, 542 F.3d 950, 956 (2d Cir. 2008). The critical question is whether "an objective, disinterested observer fully informed of the underlying facts [would] entertain significant doubt that justice would be done absent recusal." *United States v. Amico*, 486 F.3d 764, 775 (2d Cir. 2007) (quoting *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992)). In this case the Court is not aware of any facts that would lead an objective observer to question the Court's impartiality. Disagreement with the Court's rulings is an insufficient basis for recusal. *See Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009). Furthermore, Defendant does not point to any specific actions by the Court that might be viewed by "an objective, disinterested observer" as evidencing bias. *In re Basciano*, 542 F.3d at 957–58. To the extent Defendant is seeking recusal, the motion is denied. And Defendant has failed to identify any basis for dismissing the indictment.

---

[5] The undersigned Chief District Court Judge in the Northern District of New York, has been designated to sit in the Western District of New York for the purpose of presiding over this case.

Defendant also argues that the indictment should be dismissed under the "mental capacity defense." (Dkt. No. 58, at 101). The Government responds that "Marseet has offered no evidence supporting a defense of lack of mental capacity" and that "[h]is motion to dismiss on such grounds should therefore be denied." (Dkt. No. 76, at 13). Lack of mental capacity is not a basis for a pretrial motion to dismiss under Federal Rule of Criminal Procedure 12(b). Accordingly, Defendant's motion to dismiss the indictment on this basis is denied.

Defendant argues in his reply brief that the superseding indictment is multiplicitous, citing to *United States v. Haas*, 37 F.4th 1256 (7th Cir. 2022) (Dkt. No. 145, at 87-88). Defendant argues that he first raised this issue in his motion to dismiss, and the Government did not respond. Although Defendant did not clearly raise this issue in his 102-page motion to dismiss, (Dkt. No. 58, at 78), he has clearly raised it in his reply brief and, in the interest of justice, the Court directed the Government to respond to this argument. (Dkt. No. 202).

"An indictment is multiplicitous when it charges a single offense as an offense multiple times, in separate counts, when, in law and in fact, only one crime has been committed." *United States v. Kerley*, 544 F.3d 172, 178 (2d Cir. 2008) (quoting *United States v. Chacko*, 169 F.3d 140, 145 (2d Cir. 1999)). When one statutory offense is charged as two separate counts, the court "must determine 'whether Congress intended the counts to constitute separate 'units of prosecution.'" *Id.* (quoting *United States v. Handakas*, 286 F.3d 92, 98 (2d Cir. 2002); *see also United States v. Reed*, 639 F.2d 896, 904 (2d Cir. 1981) (noting that "[a] typical multiplicity problem involves a statute which either creates a single offense for an act involving multiple victims or describes several means by which a single offense may be committed") (cleaned up). "[A]s a matter of statutory construction" the Second Circuit is "reluctant to turn a single transaction into multiple offenses," and "therefore will impute to Congress the intent to impose

separate punishments for the same underlying conduct only when Congress has clearly articulated that intent." *Kerley*, 544 F.3d at 179; *see Bell v. United States*, 349 U.S. 81, 83 (1955) (finding that ambiguity of whether Congress intended for multiple punishments under the Mann Act for interstate transportation of "two women on the same trip and in the same vehicle" must be resolved in favor of defendant and it was therefore one offense). In *Kerley*, the Second Circuit held that because a statute making it a crime to failure to pay a support obligation did not clearly authorize cumulative punishments for each child covered by the support order, the rule of lenity required that the defendant's failure to pay a support obligation for two children was a single offense. *Kerley*, 544 F.3d at 179.

In its response in this case the Government did not address *Kerley* or the appropriate unit of prosecution under § 115(a)(1)(B). The Government argues that the two counts under § 115(a)(1)(B) are not multiplicitous because they allege distinct judicial victims as to whom Defendant is alleged to have acted with the requisite specific intent, and require proof of different facts. (Dkt. No. 228 at 2).). However, the fact that each count "require[s] proof of something that the other d[oes] not" is not determinative because "the question is whether the facts underlying each count were intended by Congress to constitute separate 'units' of prosecution." *United States v. Ansaldi*, 372 F.3d 118, 124 (2d Cir. 2004), *abrogated on other grounds by McFadden v. United States*, 576 U.S. 186 (2015).

The indictment charges one communication, threatening two different United States judges, as two separate counts under 18 U.S.C. § 115(a)(1)(B). Section 115(a)(1)(B), in relevant part, makes it a crime to threaten "to assault, kidnap or murder" specified officials, including a United States judge "with intent to impede, intimidate, or interfere with such official . . . . while engaged in the performance of official duties, or with intent to retaliate against such official . . .

on account of the performance of official duties." The penalty provision provides that "[a] threat made in violation of this section shall be punished by a fine . . . or imprisonment for a term of not more than 10 years, or both except that imprisonment for a threatened assault shall not exceed 6 years." 18 U.S.C. § 115(b)(4).

In *Haas*, the defendant argued that an indictment charging three separate threats against the same victim on three different days was multiplicitous because the unit of prosecution under § 115(a)(1)(B) is a "scheme of threatening one of the designated federal officials." The Seventh Circuit rejected that argument and found that each threat was individually indictable because "the allowable unit of prosecution under 18 U.S.C. § 115 is the individual threat." *Haas*, 37 F.4th at 1262. In this case, the Court is hesitant to opine on whether the single phone call, threatening two United States judges, is properly charged as two counts or one, without any briefing from the Government applying the analysis in *Kerley*.

In any event "[w]here there has been no prior conviction or acquittal, the Double Jeopardy Clause does not protect against simultaneous prosecutions for the same offense, so long as no more than one punishment is eventually imposed." *United States v. Josephberg*, 459 F.3d 350, 355 (2006). Even if the two counts describe two different means by which a single offense may be committed, the Government will be entitled to present that evidence. And "[i]f the jury convicts on more than one multiplicitous count, the defendant's right not to suffer multiple punishments for the same offense will be protected by having the court enter judgment on only one of the multiplicitous counts." *Id*.[6] Therefore, the Court declines to grant Defendant's motion to dismiss with respect to Counts 1 and 2 based on multiplicity at this time. *See United States v.*

---

[6] Here, if the jury convicts Defendant of both Counts 1 and 2, the Government will be required to brief the application of *Kerley* prior to sentencing.

*Maxwell*, 534 F.Supp.3d 299, 322–23 (S.D.N.Y. 2021) (denying pretrial motion to dismiss based on multiplicity, noting that "[s]ince *Josephberg*, courts in this Circuit have routinely denied pretrial motions to dismiss potentially multiplicitous counts as premature.").[7]

The Court has considered the remaining arguments for dismissal in Defendant's motion and found them to be without merit. Having reviewed Defendant's submissions carefully, the Court finds no basis to dismiss the indictment. Therefore, Defendant's motion to dismiss is denied.

With respect to Defendant's motion to stay ruling on the motion to dismiss pending the Court's resolution of other motions by Defendant, (Dkt. No. 174), the Court has now decided those motions and finds no reason to stay ruling on the motion to dismiss. That motion is therefore denied.

## V.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant's motion (Dkt. No. 58) to dismiss the indictment and Defendant's motion (Dkt. No. 174) to stay ruling on the Defendant's motion to dismiss the indictment are both **DENIED;** and it is further

**ORDERED** that the Government submit a letter brief by December 22, 2025 addressing the allowable unit of prosecution under 18 U.S.C. § 115(a)(1)(B).

**IT IS SO ORDERED.**

Dated: December 4, 2025

Brenda K. Sannes
Chief U.S. District Judge

---

[7] To the extent Defendant raises a multiplicity challenge based on Count 3, the Court rejects that argument. Where "the same act or transaction constitutes a violation of two distinct statutory provisions," "the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). The offense of making a threat against a United States judge under 18 U.S.C. § 115(a)(1)(B), charged in Counts 1 and 2 requires proof of facts that are not elements of the offense of threatening interstate communications under 18 U.S.C. 875(c), thereby satisfying the *Blockburger* test. *See United States v. Miah*, 546 F.Supp.3d 407, 425 (W.D. Penn. 2021).