**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

v.                                                                          6:24-cr-6032 (BKS)

AKRAM MARSEET,

                              Defendant.

---

**Appearances:**

*For the United States of America:*
Michael DiGiacomo
United States Attorney
Everardo A. Rodriguez
Katelyn M. Hartford
Assistant United States Attorneys
100 State Street, Suite 500
Rochester, New York 14614

*Defendant pro se:*
Akram Marseet
603979
Monroe County Jail
130 South Plymouth Avenue
Rochester, NY 14614

*Standby Counsel for Defendant Akram Marseet:*
David C. Pilato
Pilato Law, PLCC
30 West Broad Street, Suite 100
Rochester, NY 14614

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

I.      **INTRODUCTION**

    Defendant Akram Marseet is charged with threatening two United States judges in

violation of 18 U.S.C. § 115(a)(1)(B) and 18 U.S.C. § 115(b)(4) as well as transmitting an

interstate threatening communication in violation of 18 U.S.C. § 875(c). (Dkt. No. 284).
Defendant has been in custody throughout the pendency of this action.

Throughout criminal proceedings, courts "must remain alert to issues of competence," an obligation that "takes on increased significance where, as here, a criminal defendant elects to proceed pro se." [1] *United States v. Dimartino*, 949 F.3d 67, 71–72 (2d Cir. 2020) (quoting *United States v. Arenburg*, 605 F. 3d 164, 169 (2d Cir. 2010)). Accordingly, the Court "shall order . . . a hearing [to determine the mental competence of the defendant] on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). "Whether 'reasonable cause' to hold a hearing exists is a highly particularized assessment that 'varies in each case.'" *Dimartino*, 949 F.3d at 71 (quoting *United States v. Zhou*, 428 F.3d 361, 379 (2d Cir. 2005)). A court is "constitutionally required" to inquire as to competency where there is "*any* reasonable ground to doubt a defendant's competency." *Musaid v. Kirkpatrick*, 114 F.4th 90, 111 (2d Cir. 2024) (emphasis in original).

On April 1, 2025, the Court issued an Order directing that Defendant be committed to the custody of the Attorney General for placement in a suitable facility for a psychiatric or psychological examination to determine his current mental competence pursuant to 18 U.S.C. §§ 4241 and 4247. (Dkt. No. 116). The Court ordered that the examining psychiatrist or

---

[1] A defendant may be found competent to stand trial, but not competent to proceed pro se. *United States v. Nyenekor*, 784 F. App'x 810, 814 (2d Cir. 2019). The Second Circuit reviews such decisions for clear error, and has found that it is not clear error to insist on counsel where the defendant's mental illness "made him fixate on certain legal issues and made him unable to focus on actually preparing a defense or realistically to understand events, and that his mental condition would cause him to disrupt proceedings if he were permitted to represent himself." *Id.* at 814–15.

psychologist assess whether Defendant is (1) competent to stand trial and (2) competent to represent himself. (*Id.*). The Court's Order, which is attached here as Exhibit A, identified the basis for the Court's concerns about Defendant's competency.

In a Report dated June 13, 2025, the examining psychologists concluded that Defendant was competent to proceed and competent to represent himself at trial. (Dkt. No. 130, at 20). The parties agreed with this assessment, (Dkt. No. 144), and the case proceeded. However, since that time both the Defendant and the Government have obtained mental health experts who have raised concerns about Defendant's competency. Defendant's mental health expert, Dr. Foley, has "serious concerns about Defendant's capacity to stand trial, let alone represent himself." (Dr. Foley Report, at 20). The Government's mental health expert, Dr. Singh, has concerns about Defendant's competency and the Government believes that Defendant should undergo a competency hearing before trial. (Dkt. No. 364).

Since the initial competency evaluation, Defendant has obtained additional mental health records, (Dr. Foley Report, at 1-4), and Defendant has informed the Court that he wishes to pursue a defense of insanity, (Dkt. No. 356). In his numerous motions to the Court Defendant has continued to espouse irrational and paranoid beliefs. *See*, *e.g.*, Exhibit A. Defendant remains fixated on the merits of his civil case against RIT and the perceived judicial and prosecutorial misconduct against him, despite the Court's efforts to refocus him on the scope of this criminal case. *See United States v. Sandoval*, 365 F. Supp. 2d 319, 327 (E.D.N.Y. 2005) (noting that "rigid adherence to . . . erroneous views" and an "inability to explore their correctness is one factor indicating that a delusional process is at work"). Defendant's briefing seems to suggest that he views this criminal case as an opportunity to put the prosecution, judges, and RIT on trial, which could indicate that he does not understand the nature and object of the proceedings.

3

Accordingly, the Court finds "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Thus, the Court further finds that a mental examination and hearing concerning Defendant's mental condition are warranted. *Id.* at § 4241(b) and (c). Accordingly, it is hereby:

**ORDERED** that Defendant is committed, "to be examined for a reasonable period, but not to exceed thirty days . . . to the custody of the Attorney General for placement in a suitable facility" for a psychiatric or psychological examination to determine his current mental competence, pursuant to 18 U.S.C. §§ 4241 and 4247; and it is further

**ORDERED** the examining psychiatrist or psychologist shall conduct an examination and prepare and file a report in accordance with 18 U.S.C. § 4247(b) and (c) assessing whether Defendant is (1) competent to stand trial and (2) competent to represent himself. Once the examination is complete and the report has been filed, the Court will schedule a hearing pursuant to 18 U.S.C. §§ 4241(c) and 4247(d); and it is further

**ORDERED** that Assistant United States Attorney Everardo A. Rodriguez, or other members of the United States Attorney's Office, shall provide to the facility to which the Defendant is transported for this examination a copy of the Second Superseding Indictment, Dr. Foley's Report, all of the mental health records referred to in Dr. Foley's Report, the docket in this case and other investigative materials or statements concerning the circumstances of the charges and Defendant's conduct in custody for use by medical personnel in aid of the mental examination; and it is further

**ORDERED** that Standby Counsel David C. Pilato be given the opportunity to provide the examiner with information, documents, medical reports or other materials regarding Defendant in order to assist the examiner in evaluating Defendant.

**IT IS SO ORDERED.**

Dated: <u>April 16, 2026</u>
        Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge