**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

v. 6:24-cr-6032 (BKS)

AKRAM MARSEET,

Defendant.

---

**Appearances:**

*For the United States of America:*
Michael DiGiacomo
United States Attorney
Everardo A. Rodriguez
Assistant United States Attorney
100 State Street, Suite 500
Rochester, New York 14614

*Defendant pro se:*
Akram Marseet
603979
Monroe County Jail
130 South Plymouth Avenue
Rochester, New York 14614

*Standby Counsel for Defendant:*
David C. Pilato
Pilato Law, PLCC
30 West Broad Street, Suite 100
Rochester, New York 14614

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

A second superseding indictment charges Defendant Akram Marseet with one count of threatening United States judges, in violation of 18 U.S.C. §§ 115(a)(1)(B) and 115(b)(4), and one count of transmitting in interstate commerce threatening communications, in violation of 18 U.S.C. § 875(c). (Dkt. No. 284). This case is currently set for trial beginning on September

21, 2026. At the final pretrial conference, held on September 14, 2026, the Court considered Defendant's request to introduce at trial "all sets of evidence that prove he had not taken any step to carry out the fasified [*sic*] offense." (Dkt. No. 236, at 14). The Government has objected to the admissibility of this evidence. (Dkt. No. 247, at 6–8).

As more fully set forth on the record, the Court finds that, although the absence of evidence that Defendant planned to carry out the threat may have marginal relevance, the Court must consider whether the probative value is substantially outweighed by the risk of misleading or confusing the jury. *See* Fed. R. Evid. 403; *see also United States v. Hunt*, 534 F. Supp. 3d 233, 252 (E.D.N.Y. 2021).

The Government need not prove that the defendant intended to carry out his threats or was able to carry out his threats, and the Defendant may not argue that any such evidence is necessary for a conviction on the charges. *See United States v. Turner*, 720 F.3d 411, 429 (2d Cir. 2013) ("Whether a threat is ultimately carried out is, at best, of marginal relevance to whether the threat was made in the first place; indeed, [the defendant] need not even have intended or been able to carry out the threat for § 115(a)(1)(B) to apply."). However, the Defendant may more narrowly argue that the lack of evidence of his plans to carry out the threat suggests he did not intend to convey a true threat. *See Hunt*, 534 F. Supp. 3d at 252.

The Defendant may therefore engage in limited questioning on cross examination of the Government's witnesses regarding whether the witnesses uncovered evidence of the Defendant's plans to carry out the alleged threat. This ruling does not preclude the Government from raising objections during trial, nor does it prevent the Government from requesting a limiting instruction, which the Court will consider at that time.

Regarding the Defendant's request to enter into evidence his search history from January 10, 2024 to January 13, 2024, the Court will evaluate the admissibility at trial when the probative value of the evidence may be placed in the appropriate factual context. If the Court does admit this evidence or permit related questioning or argument, the Court will instruct the jury that the Government does not have to prove that the Defendant intended to carry out his alleged threats.

For these reasons and for the reasons set forth on the record, it is hereby

**ORDERED** that the Government's motion to exclude is **DENIED** in part and **GRANTED** in part.

**IT IS SO ORDERED.**

Dated: September 16, 2026
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge